**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
Case No. 3:25-cv-378

| | |
|---|---|
| JERMAINE RASHAD GREEN, as an individual<br><br>    Plaintiff,<br><br>v.<br><br>BACKGROUND INVESTIGATION BUREAU, LLC and DOES 1–10 inclusive,<br><br>    Defendants. | **ANSWER AND AFFIRMATIVE DEFENSES OF BACKGROUND INVESTIGATION BUREAU, LLC** |

Defendant Background Investigation Bureau, LLC ("Background") hereby provides this Answer and Affirmative Defenses to Plaintiff Jermaine Rashad Green's Complaint and Demand for Jury Trial [DE 1].

**FIRST DEFENSE AND ANSWER**

**NATURE OF THE ACTION**

1. Admitted that Background is a company that provides background screening services. Any remaining allegations not expressly admitted are denied.

2. Background is without sufficient information or knowledge to admit or deny the allegations in Paragraph 2 and therefore denies them at this time.

3. Admitted that Martin County Schools procured a background check for Green from Background. Any remaining allegations not expressly admitted are denied.

4. Denied.

5. Background cannot admit or deny the allegations of Paragraph 5 at this time because the allegations are too vague as written, and therefore denies them at this time.

6. Denied.

7. The allegations in Paragraph 7 state legal conclusions to which no response is required. To the extent a response is required, the allegations refer to a federal statute which is the best evidence of its own content. To the extent any further response is required, Background denies the allegations of Paragraph 7 at this time.

8. Denied.

9. Denied.

10. Admitted that Green is seeking the relief stated in Paragraph 10. Denied that Green is entitled to any relief.

**THE PARTIES**

11. Admitted upon information and belief that Green is a resident of Charlotte, NC, which is approximately 270 miles away from Williamston, NC, referenced in Paragraph 2.

12. The allegations in Paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Background denies them at this time.

13. Background is without sufficient information or knowledge to admit or deny the allegations of Paragraph 13 and therefore denies them at this time.

14. Background is without sufficient information or knowledge to admit or deny the allegations of Paragraph 14 and therefore denies them at this time.

15. Background is without sufficient information or knowledge to admit or deny the allegations of Paragraph 15 and therefore denies them at this time.

**JURISDICTION AND VENUE**

16. The allegations in Paragraph 16 state legal conclusions to which no response is required. To the extent a response is required, the allegations refer to federal statutes which are the best evidence of their own content. To the extent any further response is required, admitted

2

that Green's asserted causes of action arise under the laws of the United States. Background specifically denies that Green has Article III standing.

17.     The allegations in Paragraph 17 state a legal conclusion to which no response is required. To the extent a response is required, the allegations refer to a federal statute which is the best evidence of its own content. To the extent any further response is required, admitted.

## FIRST CAUSE OF ACTION
### (15 U.S.C. § 1681(e)(b))

18.     Background hereby incorporates by reference the contents of Paragraphs 1–17 as if fully stated herein, to the extent not inconsistent herewith.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

## SECOND CAUSE OF ACTION
### (15 U.S.C. § 1681(g))

23.     Background hereby incorporates by reference the contents of Paragraphs 1–22 as if fully stated herein, to the extent not inconsistent herewith.

24. Denied.

25. Denied.

26. Denied.

## PRAYER FOR RELIEF

Wherefore paragraph, including all subparts, is denied.

## DEMAND

Background similarly demands a jury trial on all issues so triable.

3

**FIRST AFFIRMATIVE DFENSE**

Green lacks standing under Article III of the U.S. Constitution because he did not suffer any concrete or cognizable injury-in-fact attributable to Background, as he ultimately was offered the volunteer position for which he applied.

**SECOND AFFIRMATIVE DFENSE**

At all times relevant, Background established and implemented reasonable procedures to assure maximum accuracy as required by 15 U.S.C. § 1681e(b).

**THIRDAFFIRMATIVE DFENSE**

Green's claim is barred because he did not accept, and upon information and belief never intended to accept, the volunteer position in Williamston for which he allegedly applied.

**FOURTH AFFIRMATIVE DFENSE**

Green's claims are barred because he has not sufficiently pleaded facts necessary to show willfulness or recklessness within the meaning the FCRA.

**FIFTH AFFIRMATIVE DFENSE**

Green's claims in the alternative are barred because he has not sufficiently pleaded facts necessary to show negligence within the meaning the FCRA.

**SIXTH AFFIRMATIVE DFENSE**

Background acted in good faith and substantially complied with all applicable provisions of the FCRA, and is therefore entitled to assert every defense available under the statute.

**SEVENTH AFFIRMATIVE DFENSE**

Green's claims in the alternative are barred because his own contributory negligence contributed to his alleged injuries, if any.

4

**EIGHTH AFFIRMATIVE DFENSE**

No act or omission of Background was a substantial factor in bringing about the damages alleged, nor was any act or omission of Background a contributing cause thereof.

**NINTH AFFIRMATIVE DFENSE**

Green's claims are barred, in whole or in part, by the applicable statutes of limitations or statutes of repose.

**TENTH AFFIRMATIVE DFENSE**

Green's claims are barred by the doctrines of waiver, estoppel, or laches.

**ELEVENTH AFFIRMATIVE DFENSE**

In the event Green is able to adequately plead an individual claim for willful violation of the FCRA, his individual entitlement to statutory damages is capped at $1,000 per action, not per defendant or per violation. 15 U.S.C. § 1681n.

**TWELVTH AFFIRMATIVE DFENSE**

Background asserts that an award of statutory damages in the absence of actual damages would exceed the limits of constitutional due process.

**RESERVATION AND NON-WAIVER**

Background reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

WHEREFORE, Background respectfully moves this Honorable Court:

1. For an Order dismissing Plaintiff's Complaint with prejudice;

2. To tax fees and costs against Plaintiff; and

3. For any other relief that is just and proper.

**SIGNATURE PAGE TO FOLLOW:**

This the 6th day of August, 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Christi Hunoval*
Christi Hunoval
N.C. Bar No. 37149
Benjamin Williams
N.C. Bar No. 53665
150 Fayetteville St. Ste. 1120
Raleigh, NC 27601
T: (919) 787-4555
F: (919) 741-5840
E: chunoval@grsm.com
   blwilliams@grsm.com
*Attorneys for Background Investigation Bureau, LLC*

6

## Certificate of Service

I certify that the foregoing **ANSWER AND AFFIRMATIVE DEFENSES OF BACKGROUND INVESTIGATION BUREAU, LLC** was filed via ECF for electronic service on all counsel of record.

C. Scott Meyers
Revolution Law Group
1175 Revolution Mill Drive, Suite 8
Greensboro, NC 27405
smeyers@revolution.law
*Counsel for Plaintiff*

This the 6th day of August, 2025.

**GORDON REES SCULLY MANSUKHANI, LLP**

*/s/ Christi Hunoval*
Christi Hunoval
N.C. Bar No. 37149
Benjamin Williams
N.C. Bar No. 53665
150 Fayetteville St. Ste. 1120
Raleigh, NC 27601
T: (919) 787-4555
F: (919) 741-5840
E: chunoval@grsm.com
    blwilliams@grsm.com
*Attorneys for Background Investigation Bureau, LLC*